IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANITA COMBS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-787-SM |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security Administration, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Lanita Combs (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 14, 15.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing substantial evidence does not support the Administrative Law Judge's (ALJ) conclusion that she could perform medium work. Doc. 16, at 3-7. After a careful review of the record (AR),

the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 11-19; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) alleged disability beginning on November 5, 2018, but had engaged in substantial gainful activity from March 2019 to February 2020;

(2) did not engage in substantial gainful activity for a continuous twelve-month period(s);

(3) had the following severe medically determinable impairments: obesity, rheumatoid arthritis, bilateral knee disorder, and hypertension;

(4) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(5) had the residual functional capacity[2] (RFC) to perform medium work, except she can frequently climb, balance, stoop, kneel, crouch, and crawl, and she can frequently handle and finger;

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

 (6) was capable of performing her past relevant work as a home health aide; and so,

 (7) had not been under a disability from November 5, 2018, through January 29, 2021.

AR 13-19.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh

the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

B. **Issues for judicial review.**

Plaintiff asserts the ALJ erred because substantial evidence does not support his conclusion Plaintiff could perform medium work. Doc. 16, at 3. She maintains the ALJ overlooked evidence about her knees, and thus improperly made his conclusions about Plaintiff's ability to stand and walk. *Id.*

Plaintiff points to the following evidence:

- October 2, 2017 examination by Dr. William Schnitz that her "right knee is painful and has crepitus"; showed "[s]mall Pellegrini-Stieda lesions bilaterally"; and a "[s]mall [lateral] right tibial plateau osteophyte."

- November 3, 2017 MRI results:

  1) Intrasubstance degeneration with adjacent superior articular surface fraying of the anterior horn medial meniscus with no discrete meniscal tear identified; 2) Radial tear of the posterior horn lateral meniscus. Complex tear of the anterior horn lateral meniscus with radial component. 3) Mild to moderate subchondral cystic degenerative changes underlying the medial tibial spine; 4) Multiloculated focal fluid joint collection versus ganglion cyst

5

adjacent to the posterior aspect of the lateral femoral condyle measuring 2.46x0.8cm; 5) Mild joint effusion; 6) Small Baker's cyst.

- February 2, 2018 examination by Dr. Schnitz, who found "[k]nees without effusion"; "[r]ight knee is painful and has crepitus"; "[g]ait antalgic" and he rated her rheumatoid arthritis as worse;

- May 4, 2018 examination by Dr. Schnitz who diagnosed Plaintiff with "[o]steoarthritis R knee"; that she needed but could not afford a right knee replacement;

- January 16, 2020 Dr. Schnitz found: "bilateral knee[] [joints] are tender to palpation," and noted she had "full range of motion and normal sensation";

- March 19, 2020 x-ray showed "mild degenerative changes of the knees bilaterally, greatest in the lateral compartment of the right knee";

- April 27, 2020 emergency room visit with chief complaint of "chronic left leg pain" from arthritis; Dr. Thomas Ingmire found she had "inflammation around her left knee mild effusion mild tenderness with palpation no obvious erythema";

- April 29, 2020 MRI she was unable to lay with her knee straight; and

- April 29, 2020 MRI results:

    1) Joint effusion with severe synovitis, diffuse chondral thinning, and juxta-articular marrow edema. This is likely secondary to inflammatory arthritis versus less likely septic joint depending upon the clinical settings. Recommend correlation with inflammatory markers and serology; 2) Prepatellar and popliteal bursitis.

Doc. 16, at 4-6.

Plaintiff maintains that her consistent knee pain and her need for a knee replacement conflict with the ALJ's conclusion she could perform medium work (and she also asserts she cannot perform light work). *Id.* at 6. Because she has no skills transferable to the sedentary level, she argues, "[s]ubstantial evidence supports a sedentary or less RFC." *Id.* at 7.

The Commissioner ably points out that the ALJ considered each of the above items, AR 17-18, and contrasted them with other medical evidence of record. Doc. 20, at 6. In so doing, the ALJ noted the treatment Plaintiff received as well, like prescriptions for rheumatoid arthritis, AR 17, 342, 343, 338, and right knee injections for the treatment of primary osteoarthritis, *id.* at 17, 339,

340, 345. The ALJ also noted tenderness in the knees, but mild degenerative changes, *id.* at 17, 433-34, normal range of motion, *id.* at 17, 440, 446, normal gait, *id.* at 17-18, 330, 359, 374, 382, 390, 396, 459, and normal sensation and strength, *id.* at 339. He recognized her emergency room visits that showed normal ranges of motion with tenderness, and mild degenerative changes in the knees bilaterally, greatest in the lateral compartment of the right knee, *id.* at 18, 433, 435.

The ALJ also found the state agency medical consultants' opinions unsupported by "appropriate explanation." *Id.* at 19. These opinions found "insufficient evidence" existed to "evaluate the claim." *Id.* at 74, 85, 94. The ALJ found no record evidence supported the limitations Plaintiff requests. *Id.* at 17.

The ALJ retains the duty to determine a plaintiff's RFC based on the record as a whole. *Terwilliger v. Comm'r, Soc. Sec'y Admin.*, 801 F. App'x 614, 628 (10th Cir. 2020); *see* AR 15. The Court finds the ALJ performed his duty to review the evidence and make administrative findings of fact and conclusions of law, and to decide Plaintiff's RFC. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (ALJ, not physician, charged with determining RFC from medical record). The ALJ considered Plaintiff's functional limitations caused by her obesity, and imposed limitations that he found the record supported. AR

13-14 (imposing limitations to frequent versus constant for a variety of exertional and nonexertional activities). He discounted Plaintiff's consistency, noting her activities of daily living which included daily food preparation, doing laundry, housekeeping, grocery and household-item shopping, driving, leaving the house without assistance, and visiting with family. *Id.* at 16. He noted Plaintiff reported no side effects from her medication. *Id.*; *see also Corber v. Massanari*, 20 F. App'x 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon of all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."). He also questioned Plaintiff about her working as a home health aide from March 2019 through February 2020. *Id.* at 35-36. And he relied on the vocational expert's testimony in making his findings. *Id.* at 19.

Substantial evidence supports the ALJ's conclusions.

## III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 10th day of May, 2022.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE